In re Margaret A. GOKEY, Debtor.

Bankruptcy No. 93–10470.

United States Bankruptcy Court,
N.D. California.

April 5, 1993.

Dennis L. Livingston, Livingston & Weiss, San Francisco, CA, for Debtor.

Philip Arnot, Eureka, CA, for Trustee.

Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

California Code of Civil Procedure section 704.070 permits a debtor to exempt seventy-five percent of paid earnings that were paid to an employee within 30 days of levy. Section 706.011(a) defines such earnings as "compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise."

The debtor provided occupational therapy services to a hospital under a written

agreement called an "Independent Contractor Agreement." She has claimed seventy-five percent of $34,000.00 paid pursuant to this agreement as exempt pursuant to section 704.070. The trustee has filed a timely objection. For the reasons stated below, the objection will be sustained.

 The court agrees with the debtor that the title of the agreement between the debtor and the hospital is not conclusive; both principles of equity and the statute itself provide that substance must dominate over form. However, an analysis of the substance does not result in a finding that the funds in question were paid earnings.

The primary factor which the debtor points to as establishing the funds as earnings is that the hospital was the debtor's only employer. This is indeed an important factor, but is outweighed by the facts that the amount in question is far in excess of a normal monthly wage, even for a health care professional; and that the debtor employed five persons, and their services were included in the $34,000.00 bill to the hospital. Even interpreting the facts liberally in favor of the debtor, the amount is question is much more like a receivable than earnings.

Moreover, the fact that the debtor had employees clearly takes the funds in question outside of the statutory definition of earnings. Section 706.011 restricts the definition of earnings to compensation paid for personal services *performed by such employee.* If the funds in question include compensation for the services of others as well as the debtor, they fall outside the statutory definition. This is the only fair result, since the debtor might otherwise be able to exempt a huge receivable while his or her own employees went unpaid.

Since an equitable analysis does not result in a finding that the funds were earnings, and since the statute excludes from the definition of earnings funds generated by the work of other persons as well as the debtor, the trustee's objection will be sustained. Counsel for the trustee shall submit an appropriate form of order.